GLD-177                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1066
_____

DONNA M. HILL, on behalf of Dwayne Hill,
                                                Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT STEVEN GLUNT; PSYCHIATRIST DR. KHATRI;
PSYCHOLOGIST WALMER; PSYCHOLOGY ASSISTANT ERRIGO
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-12-cv-01697)
District Judge:  Honorable Nora B. Fischer
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 28, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: April 3, 2013 )
_____

OPINION
_____

PER CURIAM

        Donna M. Hill, on her own behalf and behalf of her husband Dwayne Hill, appeals

from the District Court's order dismissing her civil complaint for lack of standing.  Mrs.

Hill is proceeding pro se and in forma pauperis. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See LAR 27.4; I.O.P. 10.6.

## I.

We write primarily for the parties, who are well acquainted with the case, so we review only briefly the essential facts and procedural history.

Mrs. Hill filed the underlying complaint pursuant to 42 U.S.C. § 1983, claiming that the Pennsylvania Department of Corrections, the secretary of the Pennsylvania Department of Corrections, the Superintendent of State Correctional Institute-Houtzdale, and psychiatric and psychological staff members at State Correctional Institute-Houtzdale violated Mr. Hill's civil rights under the Eighth and Fourteenth Amendments. Mrs. Hill also raised state law torts of negligence and mental anguish.

Mrs. Hill alleged that Defendants stopped giving Mr. Hill his medication, changed Mr. Hill's mental health code for a non-medical reason, moved him from a single-cell to a double-cell, harassed Mr. Hill, employed an insufficient number of mental health professionals, and employed underqualified mental health professionals. Mrs. Hill alleged that Defendants' actions exacerbated Mr. Hill's mental health condition, caused him to have disciplinary problems, and resulted in a suspension of mail and visiting privileges between the Hills. Mrs. Hill requested damages and injunctive relief.

The United States Magistrate Judge recommended dismissing the case for lack of standing. Specifically, the Magistrate Judge concluded that Mrs. Hill, as a non-attorney,

2

was impermissibly asserting the constitutional rights of Mr. Hill. Mrs. Hill filed objections to the Magistrate Judge's report and recommendation. The District Court adopted the report and recommendation and dismissed the case for lack of standing. Mrs. Hill now appeals the District Court's order.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) is plenary and "we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)) (internal quotation marks omitted). Our review of a dismissal for a lack of standing is plenary. Goode v. City of Philadelphia, 539 F.3d 311, 316 (3d Cir. 2008).

## III.

The constitutional and prudential components of standing must be satisfied before a litigant may seek redress in a federal court. UPS Worldwide Forwarding, Inc. v. United States Postal Serv., 66 F.3d 621, 625 (3d Cir. 1995). Three components comprise the "irreducible constitutional minimum of standing": an "injury in fact" that is concrete and particularized and actual or imminent; a causal connection between the injury and the complained-of conduct; and a likely, not speculative, redressability of the injury through a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Prudential standing requires, inter alia, that a litigant assert his or her own legal rights and

3

not rely on the rights or interests of third parties.  Warth v. Seldin, 422 U.S. 490, 499 (1975).

Applying these concepts to the facts of this case, we conclude, for essentially the same reasons as the District Court, that Mrs. Hill lacked standing.[1]  The complaint primarily alleged violations of Mr. Hill's constitutional rights; thus insofar as Mrs. Hill sought to assert Mr. Hill's rights, the District Court correctly concluded that she lacked standing.[2]  See id.; see also 28 U.S.C. § 1654; Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991).  In her objections to the report and recommendation, Mrs. Hill made three arguments in support of standing.  First, Mrs. Hill argued that Defendants' general failure to provide mental healthcare adversely affects her own safety. This argument fails because Mrs. Hill has only alleged a conjectural or hypothetical injury and has not shown that she has sustained or is in real and immediate danger of sustaining an injury.  See City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983). Second, Mrs. Hill argued that Defendants' willful interference with her and her husband's conjugal relationship gave rise to standing based on alienation of affections.  This argument does not help Mrs. Hill in part because the complaint did not raise an alienation

---

[1] The Court's conclusions and affirmance of the District Court's order do not prejudice Mr. Hill from filing a civil action, either pro se or through counsel.

[2] The state law claims were not separately set-out in the complaint.  However because all of the allegations concerned actions that affected Mr. Hill, we assume that those claims related to injuries allegedly incurred by Mr. Hill.

of affections claim.[3] See Allen v. Wright, 468 U.S. 737, 752 (1984) ("Typically, . . . the standing inquiry requires careful judicial examination of a complaint's allegations."); Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 261 (1977). Finally, Mrs. Hill argued that Defendants interfered with Mr. Hill's ability to work, which based on his income constituting a "tenant by the entirety" and a "tenant in common," caused an economic injury to Mrs. Hill. Similar to her alienation of affections claim, any claim of economic injury to Mrs. Hill was first raised in the objections to the report and recommendation and "the complaint [does not] indicate that the injury is indeed fairly traceable to the defendant[s'] acts or omissions." Vill. of Arlington Heights, 429 U.S. at 261; see, e.g., Warth, 422 U.S. at 509 ("Apart from the conjectural nature of the asserted injury, the line of causation between [defendant's] actions and such injury is not apparent from the complaint.").

IV.

For the foregoing reasons and because no substantial question is presented by this appeal, we will summarily affirm the District Court's order dismissing Mrs. Hill's complaint. 3d Cir. LAR 27.4; I.O.P. 10.6.

---

[3] A claim for alienation of affections is a common law tort that by itself cannot be the basis for a federal action. Additionally, Pennsylvania has abolished actions for alienation of affections. See 23 Pa. Cons. Stat. § 1901.

5