NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1205
_____

DONNA M. HILL,
                          Appellant

v.

JAMES BARNACLE; STEVEN GUNT;
DAVID CLOSE; KENNETH HOLLIBAUGH;
CAPTAIN BRUMBAUGH; HEATHER MOORE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:12-cv-01145)
District Judge:  Honorable Robert C. Mitchell

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 4, 2013

Before: AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 25, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Donna M. Hill appeals the District Court's order dismissing her complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Santiago v. Warminster Twp., 629 F.3d 121, 128 & n.4 (3d Cir. 2010). We will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. On August 13, 2012, Hill brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging that her constitutional rights were violated when her visiting privileges were suspended, and the mail she sent to her husband, who is incarcerated at the State Correctional Institution at Houtzdale, was confiscated. Named as defendants are several prison officials, as well of the Director of the Department of Correction's Office of Special Investigations and Intelligence. She seeks an injunction to restrain the Appellees from enforcing the visitation ban, as well as compensatory and punitive damages.

Prior to her civil rights complaint on June 19, 2012, Hill filed a similar action in the Commonwealth Court of Pennsylvania against the Pennsylvania Department of Corrections ("DOC") alleging that the DOC terminated her visiting privileges in retaliation against her complaints about the DOC's treatment of her husband. That action is still pending in the Commonwealth Court of Pennsylvania. As in the case here, Hill also seeks an injunction in the Commonwealth Court restraining the DOC from enforcing the visitation ban.

2

In the instant action, the Appellees moved to dismiss Hill's complaint on the ground that the Younger abstention doctrine applied. The District Court agreed and on January 3, 2013, granted the motion to dismiss.   Hill filed a timely appeal.

The Younger abstention doctrine "reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Gwynedd Properties, Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1199 (3d Cir. 1992) (internal quotation marks omitted).  Under that doctrine, "federal courts must abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding."  Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010).  For the Younger abstention doctrine to apply, three conditions must be satisfied: (1) state-court proceedings must be ongoing and judicial in nature; (2) the state-court proceedings must implicate important state interests; and (3) those proceedings must afford an adequate opportunity to raise federal claims.  *See* Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (citing Addiction Specialists, 411 F.3d at 408).  If all three prongs of the Younger analysis are met, federal courts should abstain unless there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

Here, Hill filed her action in the Commonwealth Court of Pennsylvania, alleging the same facts she is alleging here, on June 19, 2012, nearly two months before she filed this action.  The action in the Commonwealth Court of Pennsylvania is still pending.  Thus, the first prong of the Younger test is met.  The second prong of Younger is satisfied because Hill's

3

state case challenges the ability of the DOC to impose limitations on visitors who present a safety and security threat. Courts have held that states have a compelling interest in the safety and security of their prisons, including in the context of visitors to prisoners. See, e.g. Overton v. Bazzetta, 539 U.S. 126 (2003) (holding that certain prison regulations involving visitation did not violate prisoners' rights to substantive due process, free association, or right to be free from cruel and unusual punishment). Finally, the third prong of Younger is met because Hill has raised First, Fourth, Eighth, and Fourteenth Amendment claims in her pending Commonwealth Court petition, and she has provided no reason to suggest that the Commonwealth Court will deny her an adequate opportunity to pursue her federal claims.

For these reasons, the appeal presents no substantial question and we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.