**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1864
_____

DONNA M. HILL,
                                        Appellant

v.

JAMES BARNACLE; STEVEN GLUNT; DAVID CLOSE;
KENNETH HOLLIBAUGH; CAPTAIN BRUMBAUGH; HEATHER MOORE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-01604)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 29, 2014
Before:  AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 23, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Appellant, Donna Hill, is proceeding *pro se* and *in forma pauperis*.  The

government was not served with process in either the District Court or on appeal, and

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

therefore has not appeared or briefed the issues in either proceeding. The District Court

dismissed Hill's complaint following a Report and Recommendation from a Magistrate

Judge. We will vacate and remand for further proceedings.

I.

Hill is a prisoners' rights advocate whose husband and daughter are serving life

sentences in Pennsylvania state prison. Hill claims that she received reports that her

husband was being mistreated in prison and that, in 2011, she began a "letter-writing

campaign" to various news media outlets, lawmakers and prison officials about his

alleged mistreatment. Thereafter, on April 12, 2012, Hill claims that she travelled to

SCI-Houtzdale to visit her husband and to investigate these reports, and was told that her

visiting privileges had been suspended indefinitely pending an investigation. She later

learned that prison officials had confiscated her mail beginning in April 2012, instead of

delivering it to her husband.

Hill then filed a petition in the Pennsylvania Commonwealth Court

(Pennsylvania's trial court for cases by or against the Commonwealth) on June 20, 2012,

against the Commonwealth of Pennsylvania and the Pennsylvania Department of

Corrections. She claimed that the visitation ban violated her due process rights and

constituted retaliation for her letter-writing campaign in violation of the First

Amendment. On June 26, 2012, the superintendent of SCI-Houtzdale notified her that

the suspension of her visitation privileges as to her husband was indefinite. Hill amended

her petition to allege that the Department of Corrections retaliated against her for filing it by making her visitation ban indefinite as to her husband.

Hill then filed a § 1983 complaint in the Western District of Pennsylvania on August 13, 2012. Instead of naming the Commonwealth of Pennsylvania and the Pennsylvania Department of Corrections, Hill named as defendants six Department of Corrections officers and employees in their individual capacities and sought, *inter alia*, monetary damages. In 2013, the District Court abstained from deciding her case under *Younger v. Harris*, 401 U.S. 37 (1971), under which "federal courts must abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). We affirmed. *Hill v. Barnacle*, 523 F. App'x 856 (3d Cir. 2013) (per curiam).[1]

The Commonwealth Court ultimately dismissed Hill's June 2012 petition on the merits. *Hill v. Pa. Dep't of Corr.*, No. 419 M.D. 2012, 2013 WL 3970256 (Pa. Commw. Ct. Apr. 9, 2013). The Commonwealth Court rejected Hill's due process claim on the ground that she did not have a protected interest in prison visitation. The court also rejected her retaliation claim as "nonsensical" because the alleged retaliation (indefinite

---

[1] We issued our ruling before the Supreme Court emphasized the narrow scope of the *Younger* abstention doctrine in *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013). Although *Younger* abstention may preclude a return to federal court following a state-court ruling in some instances, we decline to give our prior ruling continuing effect under the particular circumstances presented here and in light of *Sprint*. *Cf. Beazer E., Inc. v. Mead Corp.*, 525 F.3d 255, 263-64 (3d Cir. 2008).

suspension of visiting privileges) occurred after Hill filed her lawsuit in the Commonwealth Court. In so ruling, the Commonwealth Court apparently did not consider Hill's allegation that the initial suspension of her privileges was in retaliation for her earlier letter-writing campaign, and the indefinite suspension of privileges was in retaliation for filing her lawsuit. The Pennsylvania Supreme Court affirmed without discussion. *Hill v. Pa. Dep't of Corr.*, 80 A.3d 376 (Pa. 2013) (table).

Hill then filed a second federal § 1983 complaint in the Western District of Pennsylvania based on the same conduct, and named as defendants only the six prison officials she named in her first federal complaint, in their individual capacities. This is the complaint currently on appeal. A Magistrate Judge recommended dismissing Hill's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) based on the same reasoning as the Commonwealth Court expressed.[2] The District Court adopted the

---

[2] The Magistrate Judge initially recommended dismissing Hill's complaint on somewhat different grounds but later amended his report in response to Hill's first set of objections. Hill questions whether the Magistrate Judge was authorized to amend his report, but we perceive no irregularity in that regard because Hill was permitted to object to the Magistrate Judge's amended report as well and the District Court reviewed Hill's objections in adopting that amended report. *See* 28 U.S.C. § 636(b)(1)(B), (C).

The Magistrate Judge also noted that if Hill sought federal review of the Commonwealth Court's ruling, her complaint would be barred by the *Rooker-Feldman* doctrine. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Although the Magistrate's conclusion did not rest on *Rooker-Feldman* grounds, we note that Hill's complaint is not, in fact, barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Magistrate Judge's Report and Recommendation, and concluded that Hill's complaint is also barred by *res judicata*. Hill appeals. Our review of a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is plenary. *See Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam).[3]

## II.

We cannot conclude that Hill's complaint is subject to dismissal at this stage for any of the reasons mentioned by the District Court. *Res judicata* does not bar Hill's complaint at this stage. "The Full Faith and Credit Act, 28 U.S.C. § 1738, . . . requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobile Corp.*, 544 U.S. at 293 (quotation marks omitted). Thus, Hill's complaint is barred by *res judicata* only if a Pennsylvania court would bar her complaint on *res judicata* grounds under Pennsylvania law. *Res judicata* is an affirmative defense, Fed. R. Civ. P. 8(c)(1), and may not form the basis for dismissal unless it is apparent on the face of Hill's complaint, *see Ball v. Famiglio*, 726 F.3d 448, 459 & n.16 (3d Cir. 2013), *cert. denied*, 134 S. Ct. 1547 (2014).

The District Court concluded with little discussion that Hill's complaint is barred by *res judicata* because she brought her Commonwealth Court action "against essentially

Hill is not complaining of any injury caused by the Commonwealth Court's judgment. To the contrary, she continues to complain merely of the same alleged injuries that prompted her to file her Commonwealth Court action in the first place. *See Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006). The effect of the Commonwealth Court's ruling on Hill's complaint is governed, not by the *Rooker-Feldman* doctrine, but by preclusion law. *See Exxon Mobil Corp.*, 544 U.S. at 293.

[3] We have jurisdiction under 28 U.S.C. § 1291.

5

the same parties." Pennsylvania law, however, requires an identity of both the parties and the "quality or capacity of the parties" in both actions for *res judicata* to apply. *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988). Hill named different parties in the state and federal suits—in the Commonwealth Court she named the Commonwealth of Pennsylvania and the Pennsylvania Department of Corrections; in the Western District of Pennsylvania she named six prison officials in their individual capacities and sought monetary damages. These defendants thus are not identical and do not share the same capacity for *res judicata* purposes. *See id.* at 119-20. Indeed, Hill could not have named the prison officials in their individual capacities in the Commonwealth Court because that court's original jurisdiction over individuals "is limited to civil actions or proceedings brought against a state officer acting in his *official* capacity." *Law v. Fisher*, 399 A.2d 453, 455 (Pa. Commw. Ct. 1979); *see also Balshy v. Rank*, 490 A.2d 415, 420-21 (Pa. 1985) (holding that the Commonwealth Court lacks original jurisdiction over § 1983 claims for monetary damages against individual defendants even in their official capacities).[4]

Finally, we cannot agree that Hill's complaint fails to state a claim for the reason given by the Commonwealth Court and repeated by the District Court. Hill alleges that

---

[4] The District Court did not address whether Hill's complaint is barred by collateral estoppel. Although the Commonwealth Court did not address Hill's retaliation claim premised on her pre-suspension letter-writing campaign, Hill did present those claims before the Commonwealth Court. We leave the issue of whether Hill's claims are barred, either in part or in full, by collateral estoppel, for the District Court to determine in the first instance.

the defendants retaliated against her for her letter-writing campaign by suspending her visiting and mail privileges.[5]  The District Court nevertheless concluded that Hill failed to state a claim, stating that Hill's alleged protected activity occurred only after defendants had already suspended her visitation privileges.  This is an incomplete reading of Hill's complaint.  As explained above, Hill alleges that her letter writing campaign began in 2011 and that defendants later suspended her visitation privileges and confiscated her mail in retaliation for that protected activity in 2012.  (ECF No. 3 at 7 ¶ 12) (referencing November 5, 2011 letter attached as Exhibit 2).  She then alleges that the defendants made her suspension of visitation privileges indefinite in retaliation for filing a lawsuit in Commonwealth Court.  There is nothing nonsensical about Hill's allegations.

For these reasons, we will vacate the judgment of the District Court and remand for further proceedings.

---

[5] As the District Court acknowledged, this claim is potentially valid even if Hill does not have a "right" to visitation *per se*, *see Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001), and even though Hill is not a prisoner, *see, e.g.*, *George v. Rehiel*, 738 F.3d 562, 585 & n.24 (3d Cir. 2013) (addressing non-prisoner's First Amendment retaliation claim); *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004) (same).