NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3815
_____

DONNA M. HILL,
                    Appellant

v.

JAMES BARNACLE; STEVEN GLUNT;
DAVID CLOSE; KENNETH  R. HOLLIBAUGH;
CAPTAIN  BRUMBAUGH; HEATHER MOORE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-01604)
District Judge:  Honorable Nora B. Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2016

Before: JORDAN, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 5, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

We previously vacated the District Court's dismissal of the complaint in this matter and remanded for further proceedings. See Hill v. Barnacle, 598 F. App'x 55, 58 (3d Cir. 2015). The District Court dismissed the complaint again on remand, and the plaintiff now appeals. We will affirm in part, but we are constrained to vacate in part and remand this matter again.

I.

We take the following facts from the complaint, as supplemented by the public record, and accept them as true for present purposes only. Donna Hill is a prisoners' rights advocate whose husband is serving a life sentence in Pennsylvania state prison. This case concerns the suspension of her visitation and mail privileges. Hill's visitation privileges have been suspended before on grounds not presently at issue. See generally Pfender v. Sec'y Pa. Dep't of Corr., 443 F. App'x 749 (3d Cir. 2011). Her privileges were reinstated in 2011.

Thereafter, Hill began receiving reports that prison employees were mistreating her husband in various ways. As a result, Hill began a letter-writing campaign regarding her husband's treatment "to various news media outlets, state law makers and prison officials out of a concern for her husband's health and safety." (ECF No. 3 at 3.) Hill attached one such letter to her complaint—a letter dated November 5, 2011, to John E. Wetzel, Secretary of the Pennsylvania Department of Corrections, requesting an investigation into her concerns. (ECF No. 3-1 at 3.)

Hill then attempted to visit her husband at SCI-Houtzdale on April 12, 2012. When she arrived, prison staff "informed her that her visiting privileges were suspended and told [her] to leave without further explanation." (ECF No. 3 at 4.) Approximately one week later, Hill received a letter dated April 12 from the prison superintendent informing her that, "[e]ffective immediately, your visiting privileges at SCI Houtzdale are suspended indefinitely due to a pending investigation." (ECF No. 3-1 at 11.) The letter provided no details regarding the nature of the investigation. Hill later learned that the prison had suspended her mail privileges and confiscated her mail as well.

On June 20, 2012, Hill filed a petition with the Pennsylvania Commonwealth Court naming only the Commonwealth of Pennsylvania and the Department of Corrections as respondents. Hill asserted that the suspension of her visitation and mail privileges was in retaliation for her letter-writing campaign.

Six days after Hill filed that petition, she received another letter from the prison superintendent dated June 26, 2012. (ECF No. 3-1 at 13.) This letter informed Hill that the previously referenced investigation was complete and that, "[u]pon . . . my review of the investigation information, the decision has been made to suspend your visitation privileges **indefinitely**, effective immediately." (Id.). The letter once again provided no details regarding the investigation.

Hill then wrote to the superintendent on July 17, 2012, and inquired into the reasons for the suspension. The superintendent responded by letter dated July 30, 2012, but again did not specify the nature of the investigation or exactly what Hill was alleged

3

to have done wrong.[1]  Hill then amended her Commonwealth Court petition to allege that the continuation of her indefinite suspension following the investigation was in retaliation for her filing of the Commonwealth Court action.  The Commonwealth Court ultimately dismissed Hill's petition on the merits.  See Hill v. Dep't of Corr., No. 419 M.D. 2012, 2013 WL 3970256, at *2 (Pa. Commw. Ct. Apr. 9, 2013), aff'd, 80 A.3d 376 (Pa. 2013).

Hill then filed pro se the federal complaint at issue here asserting claims under 42 U.S.C. § 1983 and (apparently) state law.  She named as defendants the prison superintendent and five other prison officials allegedly involved in the suspension of her privileges and the confiscation of her mail.[2]  Once again, Hill alleged that defendants suspended her privileges and confiscated her mail in retaliation for her letter-writing campaign and then continued the suspension in retaliation for her filing of the Commonwealth Court action.  Hill invoked various constitutional rights, but the District

---

[1] The letter reads in relevant part:

> As previously indicated, your actions and support of your husband's behavior poses [sic] a threat to the safety and security of this facility.  Serious staff injury resulted.  In accordance with DC-ADM 812, Section 1.B.8, your visitation privileges have been suspended indefinitely. . . .  You have been suspended indefinitely on prior occasions and have been reinstated, only to return to behavior that poses a threat to the safety and security of the facility that houses your husband.  The broad discretion shown by reinstating your visiting privileges has not yielded the expected positive results.  As such, the suspension will continue.

(ECF N. 3-1 at 15.)

[2] Because our rulings do not turn on the alleged conduct of any particular defendant, we refer herein to "defendants" without suggesting that any particular defendant is responsible for any particular conduct alleged in the complaint.

4

Court has treated Hill's claim as one based on the First Amendment and we will do the same. Hill also stated that "[t]he plaintiff . . . alleges the torts of neglect and mental anguish," but she provided no detail in that regard. (ECF No. 3 at 1.) For relief, she requested an injunction restoring her visitation privileges and monetary damages.

Before service of process, the District Court dismissed Hill's complaint on the grounds that it was barred by res judicata as a result of the Commonwealth Court action and that it failed to state a claim. On the merits, the District Court followed the Commonwealth Court's lead in construing Hill's complaint to allege that defendants retaliated against her only for filing the Commonwealth Court action (and not for her letter-writing campaign). The District Court concluded that her claim in that regard was "nonsensical" because the superintendent suspended her visitation privileges before she filed that action.

We vacated and remanded. See Hill, 598 F. App'x at 58. We concluded that Hill's complaint is not barred by res judicata, though we expressed no opinion on whether it is barred by collateral estoppel. See id. at 57-58 & n.4. We further concluded that Hill's complaint did not fail to state a claim for the reason relied on by the District Court. As we explained, the District Court's view that Hill's claim was "nonsensical" was based on "an incomplete reading of Hill's complaint"—i.e., it ignored Hill's allegations regarding her letter-writing campaign, which preceded the initial suspension, and it did not account for the continuation of the suspension just days after Hill filed her petition. Id. at 58. In sum, we concluded that "[t]here is nothing nonsensical about Hill's

5

allegations." Id.[3]

On remand, the defendants filed a motion to dismiss under Fed. R. Civ. P.

12(b)(6). The defendants argued that Hill's retaliation claim is barred by collateral

estoppel and that her complaint otherwise fails to state a claim. A Magistrate Judge

recommended granting the motion. The Magistrate Judge rejected defendants' argument

regarding collateral estoppel, and defendants have not raised that issue on appeal. The

Magistrate Judge concluded, however, that Hill failed to state a retaliation claim and that

her apparent state-law claims are barred by sovereign immunity. The District Court

adopted the Magistrate Judge's recommendation and dismissed Hill's complaint without

independent discussion. Hill appeals.[4]

II.

A. Hill's Retaliation Claim

The parties focus primarily on Hill's retaliation claim. Hill alleges that defendants

---

[3] Hill previously filed a similar complaint while her Commonwealth Court action was still pending. The District Court abstained under Younger v. Harris, 401 U.S. 37 (1971), and we affirmed. See Hill v. Barnacle, 523 F. App'x 856, 858 (3d Cir. 2013). In remanding for further proceedings on the complaint at issue here, we "decline[d] to give our prior [abstention] ruling continuing effect" in light of the decision in Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584 (2013). Hill, 598 F. App'x at 56 n.1.

[4] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the dismissal of a complaint under Rule 12(b)(6). See Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 601 (3d Cir. 2015). In doing so, "we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." Id. at 604 (quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotation marks omitted).

(1) suspended her visitation privileges and confiscated her mail in retaliation for her letter-writing campaign and then (2) continued the suspension in retaliation for her filing of the Commonwealth Court action. Hill argues that the District Court erred in dismissing this claim because the District Court misapplied the pleading standard and improperly found facts at the pleading stage. We agree.

"To state a claim for retaliation, a plaintiff must allege that: (1) [s]he was engaged in constitutionally protected conduct, (2) [s]he suffered some adverse action at the hands of the prison officials, and (3) h[er] constitutionally protected conduct was a substantial or motivating factor in the decision to take that action." Bistrian v. Levi, 696 F.3d 352, 376 (3d Cir. 2012) (quotation marks omitted).[5] Defendants concede that Hill adequately alleged the first two elements. They argue, however, that Hill did not adequately allege that her protected activity caused the suspension of her privileges. The District Court agreed and dismissed this claim on that basis.

We conclude, however, that Hill has adequately alleged the element of causation and that this claim is sufficient to survive a motion to dismiss. Hill alleges that she wrote letters regarding her husband's treatment to various media and officials. She further

---

[5] The District Court applied law pertaining to retaliation claims by prisoners against prison officials, and we set forth this standard in that context. As we previously noted, Hill may maintain a retaliation claim against prison officials even though she is not a prisoner. See Hill, 598 F. App'x at 58 n.5 (citing, inter alia, Eichenlaub v. Township of Indiana, 385 F.3d 274, 282 (3d Cir. 2004)). The standard applicable to non-prisoners is the same. See Eichenlaub, 385 F.3d at 282 (citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)).

7

alleges that, when she next attempted to visit her husband, defendants turned her away without explanation. Hill later learned that defendants suspended her privileges pending an unspecified investigation. Then, just days after she complained of that suspension to the Commonwealth Court, defendants announced that the still-unspecified investigation was complete and that her suspension would continue indefinitely. Defendants, according to Hill, never specified the basis for the investigation or what she was alleged to have done wrong. The timing of these events, coupled with defendants' failure to provide a specific explanation for Hill's suspension on four occasions, raises a plausible inference that defendants retaliated against her for engaging in her letter-writing campaign and filing her Commonwealth Court action. See Connelly v. Lane Constr. Corp., 809 F.3d 780, 792-93 (3d Cir. 2016); Pearson, 775 F.3d at 604.

In concluding otherwise, the District Court relied primarily on the letters from the superintendent attached to the complaint. The District Court appears to have regarded the letters as conclusive proof against Hill's claim merely because the superintendent stated that he had conducted an investigation and then concluded from that investigation that "your actions and support of your husband's behavior poses [sic] a threat to the security and safety of this facility." (ECF No. 3-1 at 15.) As explained above, however, the superintendent never specified the nature of his investigation or what Hill was alleged to have done wrong, let alone how Hill's unspecified conduct posed an institutional threat.

Thus, even taking these letters at face value, they do not negate the inference that defendants suspended Hill's privileges in retaliation for her protected activities. To the

8

contrary, the letters arguably support that inference because they fail to specify why defendants suspended Hill's privileges and state only that the suspension was based on Hill's "actions and support of your husband's behavior," which, according to Hill, consisted of her protected activities. At the pleading stage, we must draw that reasonable inference in her favor.[6]

Defendants raise an additional argument that we will address. Defendants argue that this claim fails because there is no "unusually suggestive" temporal proximity between Hill's writing of the November 5, 2011 letter to Secretary Wetzel and the initial April 12, 2012 suspension of her visitation privileges. The District Court noted but did not specifically accept this argument, and it lacks merit.

Defendants rely on authority in the summary judgment context addressing when an unusually suggestive temporal proximity is sufficient to raise an inference of retaliation by itself. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232-33 (3d Cir. 2007). A suggestive temporal proximity, however, is not itself an element of a retaliation claim and need not be alleged at the pleading stage. See

---

[6] The District Court also relied on the superintendent's letters in concluding that, even if Hill stated a retaliation claim, it still failed on the merits because defendants would have suspended her visitation privileges for legitimate penological reasons even in the absence of her protected conduct. See Rauser, 241 F.3d at 333. Resolution of that issue was premature at this stage. Defendants bear the burden of proof on that issue, see id., and, even taking these letters at face value, they are too conclusory to carry it. The District Court also took judicial notice of Hill's previous suspension, but that suspension on apparently unrelated grounds does not render implausible Hill's claim that her subsequent protected activities were a "substantial or motivating factor" for the suspension at issue here. Bistrian, 696 F.3d at 376.

Connelly, 809 F.3d at 792 n.11; Pearson, 775 F.3d at 604. Even if it were, Hill's claim does not fail for lack of a suggestive temporal proximity.

Defendants argue that Hill did not suffer any adverse action until defendants suspended her visitation privileges on April 12, 2012. Hill alleges that defendants first turned her away for a visit on that date, but it is reasonable to infer from her complaint that her attempted visit on that date was the first time she attempted to visit her husband following her letter-writing campaign. Thus, "it may be that a retaliatory decision . . . would not become apparent" until Hill actually attempted to visit her husband in prison. Connelly, 809 F.3d at 792.

Defendants' argument also ignores the proximity between Hill's filing of the Commonwealth Court action on June 20, 2012, and the superintendent's announcement six days later in his letter of June 26 that his previously referenced investigation was complete and that Hill's visitation privileges would remain suspended indefinitely. Defendants argue that the June 26 letter cannot constitute retaliation because defendants already had suspended Hill's visitation privileges indefinitely on April 12 before she filed her Commonwealth Court action and the June 26 letter merely continued that suspension thereafter.

We already have rejected this argument. See Hill, 598 F. App'x at 58. To avoid any further confusion on this point, we will explain our reasons for doing so in greater detail. In the April 12 letter, defendants merely informed Hill that her privileges had been suspended indefinitely pending an investigation. In the June 26 letter, by contrast,

10

defendants notified Hill that the investigation was complete and that her privileges remained suspended indefinitely (placing the word "indefinitely" in bold for good measure). There is a qualitative difference between an indefinite suspension of privileges pending an investigation and an indefinite suspension of privileges as a result of an investigation after that investigation is complete. The former suggests the possibility of reinstatement, while the latter does not.

In sum, we conclude that Hill has stated a claim of retaliation for Rule 12(b)(6) purposes. We express no opinion on the merits of that claim and hold only that it is sufficient to survive the pleading stage.

## B.    Remaining Issues

Three remaining issues require brief discussion. First, Hill argues that she asserted a due process claim based on defendants' alleged confiscation of her mail and that both the defendants and the District Court failed to address it. Hill's complaint can indeed be read as at least attempting to assert such a claim. Hill asserted that defendants confiscated her mail in violation, inter alia, of the Fourteenth Amendment (ECF No. 3 at 1) and that she has a "property interest regarding her mail" (id. at 6). Hill provides no other details in this regard, but the District Court should address this claim and consider the possibility of amendment if and when appropriate on remand.

Second, Hill challenges the District Court's dismissal of her complaint to the extent that it can be construed to assert claims under state law. The only suggestion in the complaint that Hill sought to raise such claims was her assertion that "[t]he plaintiff

11

also alleges the torts of neglect and mental anguish." (Id. at 1.) Hill again provided no details in this regard. The District Court concluded that, to the extent the complaint could be construed to raise claims of intentional infliction of emotional distress and negligence, defendants are entitled to sovereign immunity under Pennsylvania law. See 1 Pa. Cons. Stat. § 2310 (codifying sovereign immunity for Commonwealth officials "acting within the scope of their duties"); 42 Pa. Cons. Stat. § 8522 (waiving sovereign immunity as to certain claims). The District Court concluded that defendants' only alleged actions— suspending Hill's visitation and mail privileges and confiscating her mail—were necessarily committed in the scope of their employment by the prison and are not among the types of conduct as to which the Commonwealth has waived sovereign immunity. We agree.

Hill argues that defendants' actions were not within the scope of their employment because they "abused their office," but "even unauthorized acts may be within the scope of employment if they are clearly incidental to the master's business." Brumfield v. Sanders, 232 F.3d 376, 381 (3d Cir. 2000) (quotation marks omitted) (applying Pennsylvania law). We agree with the District Court that defendants' alleged actions, even if wrongful, necessarily were committed within the scope of their administration of the prison.[7]

---

[7] To the extent that Hill's references to "neglect" and "mental anguish" might be construed as attempts to raise claims on behalf of her husband, Hill has attempted to do so before and lacks standing as we previously explained. See Hill v. Pa. Dep't of Corr., 521 F. App'x 39, 40-41 (3d Cir. 2013).

Finally, Hill argues that the District Court erred in failing to review the Magistrate Judge's recommendations de novo despite her filing of objections. In particular, Hill faults the District Court for failing to make its own findings and conclusions. District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b). See Elmendorf Grafica, Inc. v. D.S. America (East), Inc., 48 F.3d 46, 49-50 (1st Cir. 1995). We presume that the District Court engaged in the required de novo review absent some indication to the contrary. See Claude v. Perkins, 534 F.3d 801, 801 (2d Cir. 2008) (per curiam). There is no such indication here because the District Court noted Hill's objections and stated that it reviewed the record "independently."

## III.

For these reasons, we will vacate the judgment of the District Court to the extent that it dismissed Hill's retaliation claim and failed to address her allegations regarding the confiscation of her mail. We will remand for further proceedings on those issues. We will otherwise affirm the judgment of the District Court.[8]

---

[8] Four of the defendants argued below that Hill failed to state a claim against them because she failed to allege their personal involvement. The District Court did not reach that issue, but it is free to address it on remand. If the District Court does so and finds Hill's complaint lacking in that regard then, as with her claim regarding confiscation of her mail, it should consider the possibility of amendment before dismissing any claims with prejudice. See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). To be clear, Hill's existing complaint adequately alleges a First Amendment retaliation claim, and she need not amend her complaint in order to proceed with that claim.

13