**\*AMENDED BLD-178**                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1481
_____

IN RE: DONNA M. HILL,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2-13-cv-01604)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 30, 2017
Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: June 5, 2017)
_____

OPINION*
_____

PER CURIAM

Donna M. Hill is the plaintiff in an ongoing civil action that has been assigned for

pretrial purposes to a Magistrate Judge. Hill has filed a petition for a writ of mandamus

directing the District Court to order the Magistrate Judge's disqualification. We will

deny the petition.

Hill has filed three motions asking the Magistrate Judge to recuse himself.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

She asserted in her first two motions that the Magistrate Judge's legal conclusions displayed an appearance of partiality. The Magistrate Judge denied both motions. Hill did not seek review by the District Court or this Court after the Magistrate Judge denied her first motion. After the Magistrate Judge denied her second motion, however, she sought review by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(b). The District Court upheld the Magistrate Judge's decision not to recuse. (ECF No. 64.)

Hill later filed her third motion asking the Magistrate Judge to recuse himself. That motion arose from a motion that Hill filed to compel defendants to respond to discovery. The Magistrate Judge granted Hill's discovery motion in part, denied it in part, and directed defendants to provide "all relevant, non-privileged information" responsive to one of her requests. (ECF No. 77 at 2.). According to Hill, defendants then refused to provide any documents on the ground that they were privileged.

In Hill's third motion for recusal, she argued that the Magistrate Judge displayed an appearance of partiality because his reference to "non-privileged information" coached defendants to assert a claim of privilege that they had not asserted before. The Magistrate Judge denied that request for recusal too. (ECF No. 84.) This time, however, Hill did not seek further review by the District Court. Instead, she has sought review directly from us by filing the mandamus petition at issue here.[1]

---

[1] Hill's specific request is that we issue a writ "ordering the district court to ensure petitioner's right to discovery." (Mandamus Pet. at 4.) Hill makes that request

Mandamus is a proper means for us to review a judge's refusal to recuse under 28 U.S.C. § 455(a). See In re Kensington, 353 F.3d at 219. In this case, however, the requirements for mandamus relief are not satisfied and we will deny the petition for two reasons.

First, mandamus is an extraordinary remedy that generally is available only when the petitioner has no other adequate means to obtain the requested relief. See id. Hill had an adequate means of obtaining relief by seeking review in the District Court. See Cole v. U.S. Dist. Ct., 366 F.3d 813, 817-20 (9th Cir. 2004) (collecting cases and denying mandamus review of Magistrate Judge's order disqualifying counsel where petitioner did not seek review in the District Court). Hill's time to seek such review has expired, see Fed. R. Civ. P. 72(a); W.D. Pa. Civ. R. 72(c)(2), but that circumstance does not suggest that mandamus relief is warranted because Hill could have timely sought review as she did before and mandamus may not be used as a substitute for appeal, see Cole, 366 F.3d at 818; In re Kensington, 353 F.3d at 219.[2]

_____

immediately after raising the issue of the Magistrate Judge's recusal, however, and she does not make any specific discovery related request. Thus, we understand her petition as challenging the Magistrate Judge's decision not to recuse. To the extent that Hill may be seeking mandamus review of any of the Magistrate Judge's specific discovery orders, mandamus is not appropriate because Hill has not shown that she cannot obtain relief from those orders, if warranted, on appeal from the District Court's final judgment. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003).

[2] The Court in Cole, in holding that mandamus review of a Magistrate Judge's ruling was not available because the petitioner did not first seek District Court review, distinguished our decision in In re U.S. Healthcare, 159 F.3d 142 (3d Cir. 1998). See Cole, 366 F.3d at 819 n.9. In re U.S. Healthcare is distinguishable from the present situation as well. In

Second, mandamus generally is available only when the petitioner's right to relief is "clear and indisputable." In re Kensington, 353 F.3d at 219 (quotation marks omitted). Hill claims that the Magistrate Judge should recuse himself under 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably questioned." In re Kensington, 353 F.3d at 220. Hill claims that the Magistrate Judge coached defendants to assert a claim of privilege by referring to their obligation to produce "all relevant, non-privileged information" in response to one of her discovery requests. As the Magistrate Judge explained in declining to recuse, however, Fed. R. Civ. P. 26(d)(1) expressly limits the scope of discovery to relevant and non-privileged matters. No reasonable person would believe that the Magistrate Judge's standard recitation of the permissible scope of discovery (in granting Hill's discovery motion, no less) displayed any bias or partiality.

---

that case, a Magistrate Judge entered an unauthorized case-dispositive order remanding a matter to state court. We reviewed the order by mandamus even though the petitioner did not first seek review by the District Court. In re U.S. Healthcare, 159 F.3d at 147. We reasoned that the petitioner "has no realistic remedy" other than by mandamus because the District Court had adopted a local rule invalidly providing that Magistrate Judges could issue case-dispositive remand orders, which suggested that the District Court would have rejected petitioner's argument that the Magistrate Judge's order in that case was unauthorized. Id.; see also id. at 144 & n.1 (addressing the local rule). In this case, by contrast, there is no local rule suggesting that Hill could not obtain relief in the District Court. To the contrary, W.D. Pa. Civ. R. 72(c)(2) permitted her to seek review by the District Court, and Hill was well aware of that fact as evidenced by her decision to seek such review before.

4

For these reasons, we will deny Hill's mandamus petition. Hill's motion to stay proceedings in the District Court pending our ruling on her mandamus petition is denied as moot.