**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2448
_____

DONNA M. HILL,
                                        Appellant

v.

JAMES BARNACLE; STEVEN GLUNT;
DAVID CLOSE; KENNETH R. HOLLIBAUGH;
CAPTAIN BRUMBAUGH; HEATHER MOORE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-01604)
District Judge: Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 22, 2018

Before: GREENAWAY, JR., BIBAS, and ROTH, *Circuit Judges*

(Opinion filed: September 13, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Twice before, we vacated the dismissal of appellant Donna M. Hill's pro se complaint and remanded for further proceedings. See Hill v. Barnacle, 655 F. App'x 142 (3d Cir. 2016); Hill v. Barnacle, 598 F. App'x 55 (3d Cir. 2015). Hill now appeals from the District Court's entry of summary judgment in favor of the defendants. We will vacate and remand again.

I.

We have summarized the background of this matter in our prior opinions. In brief, Hill is married to a Pennsylvania prisoner, and this case concerns the suspension of her visitation privileges while her husband was housed at SCI-Houtzdale. Hill's visitation privileges had been suspended before, but they were reinstated in 2011.

At issue here is the suspension of Hill's visitation privileges in 2012. Hill claims that her suspension was in retaliation for her exercise of her First Amendment rights. On November 5, 2011, Hill sent a letter to the Secretary of the Pennsylvania Department of Corrections ("DOC") regarding her husband's treatment in prison. SCI-Houtzdale personnel notified Hill on April 12, 2012, that her visitation privileges had been suspended indefinitely pending an unspecified investigation. Hill then filed an action challenging the suspension with the Pennsylvania Commonwealth Court on June 20, 2012. Eight days later, SCI-Houtzdale personnel notified Hill that their investigation was complete and that her privileges remained suspended indefinitely.

2

Hill later filed this case pro se under 42 U.S.C. § 1983 against six defendants. She alleged that defendants[1] initially suspended her in retaliation for her letter and then continued that suspension in retaliation for her Commonwealth Court action. She alleged that defendants suspended her mail privileges as well. The District Court twice dismissed Hill's complaint for failure to state a claim. We vacated both rulings and remanded for further proceedings.

Following our second remand, the Magistrate Judge entered a scheduling order that permitted defendants to file a motion for summary judgment just one month after answering Hill's complaint but provided no period for discovery. Hill nevertheless requested discovery. The defendants filed a motion for summary judgment before Hill received her requested discovery.

After defendants moved for summary judgment, Hill sought several extensions of her deadline to respond to defendants' motion because she had yet to receive the discovery she had requested. She also filed a motion to compel, which the Magistrate Judge granted, and then a motion for sanctions in which she argued that the defendants were withholding relevant information under an invalid assertion of privilege. (ECF No. 78.) The Magistrate Judge denied that motion (ECF No. 80), and the District Court affirmed (ECF No. 97).

---

[1] We refer to "defendants" herein for ease of reference only and without suggesting that any particular defendant may be responsible for any of the conduct alleged or may be implicated by the discovery issues we address.

Hill then filed a summary judgment response in which she again argued that defendants failed to produce discovery and that, as a result, she could not respond to their motion on the merits. (ECF No. 98.) The Magistrate Judge advised Hill that he would not address her discovery issues and gave her another opportunity to file a response on the merits. (ECF No. 101.) Hill responded that she already had filed her response and that her discovery issues were "preserved for appellate [r]eview." (ECF No. 102.)

The Magistrate Judge issued a Report and Recommendation, which recommended that the District Court grant defendants' summary judgment motion on the merits. Hill did not file objections by the deadline and, two days later, the District Court adopted the report and entered summary judgment in defendants' favor. Later that day, Hill's objections arrived at the District Court. The District Court treated that document as a motion for reconsideration and denied it. Hill appealed. We have jurisdiction under 28 U.S.C. § 1291.

## II.

This appeal turns on a single issue: how the Magistrate Judge handled Hill's right to discovery. Hill argues that the Magistrate Judge and District Court erred by failing to resolve her discovery disputes before entering summary judgment on the merits. District Courts have wide discretion in matters of case management and discovery, and we review rulings in these areas only for abuse of that discretion. See ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 268 (3d Cir. 2012); Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212-13 (3d Cir. 1984). The Magistrate Judge abused his discretion here.

4

"It is well-established that a court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." Shelton v. Bledsoe, 775 F.3d 554, 565 (3d Cir. 2015) (quotation marks omitted). On remand, however, the Magistrate Judge issued a scheduling order that permitted defendants to file a motion for summary judgment just one month after answering Hill's complaint, but provided no period of discovery. Although the Magistrate Judge later granted Hill multiple extensions to respond to defendants' motion pending the resolution of discovery issues, the Magistrate Judge failed to address Hill's repeated arguments that the defendants were erroneously withholding material information.

Hill requested that defendants produce various categories of documents, including all documents relating to the investigation that defendants claim resulted in her suspension. After the defendants failed to provide Hill with these documents, Hill filed a motion to compel. (ECF No. 76.) The Magistrate Judge granted her motion and ordered defendants to "provide Plaintiff with all relevant, non-privileged information that is responsive to her discovery requests[.]" (ECF No. 77 at 2.) Defendants then sent Hill a letter in which they claimed to have produced all such documents, but they also objected to some of Hill's requests due to privilege and confidentiality. (ECF No. 79-1.)

Hill then filed a motion for sanctions. (ECF No. 78.) She argued that her requests sought relevant information and that defendants' assertion of privilege was invalid. But her sole request was for entry of a default judgment in her favor. Defendants filed a response in which their counsel defended the privilege assertion only by stating that he "has been advised by the Corrections Defendants that information has been obtained

5

related to Plaintiff and her husband that if disclosed would reveal confidential security procedures and provide Plaintiff and/or her husband with the means to circumvent certain security measures[.]" (ECF No. 79 at 3.) Defendants did not provide any further justification.

Two days later, the Magistrate Judge denied Hill's motion without explanation. (ECF No. 80.) Hill appealed, but the District Court denied her appeal on the sole ground that sanctions were not warranted. (ECF No. 97.) Hill now seeks further review of the Magistrate Judge's order. "Although the District Court gave reasons of its own when declining to set aside the Magistrate Judge's order, we are really reviewing the Magistrate Judge's exercise of discretion in entering the order, and not the District Court's deferential review of the same." Mullin v. Balicki, 875 F.3d 140, 151 (3d Cir. 2017).

We are unable to review the Magistrate Judge's exercise of discretion, however, because he provided no explanation for denying Hill's motion. See United States v. Carter, 730 F.3d 187, 193 (3d Cir. 2013). It may be that the Magistrate Judge narrowly construed Hill's motion as requesting only the case-dispositive entry of default judgment. The Magistrate Judge arguably lacked that authority.[2]

---

[2] Without the parties' consent, which was not given here, Magistrate Judges generally lack the authority to rule on case-dispositive matters and must make recommendations instead. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b)(1); W.D. Pa. Civ. R. 72(D)(1); EEOC v. City of Long Branch, 866 F.3d 93, 98-99 (3d Cir. 2017). We have not decided whether a case-dispositive discovery sanction falls within that category, but other Courts of Appeals have concluded that it does. See, e.g., Kiobel v. Millson, 592 F.3d 78, 95-96 & n.6 (2d Cir. 2010). We need not decide the issue in this case because we are vacating and remanding on other grounds. We note, however, that the Magistrate Judge's arguable lack of authority to adjudicate Hill's request for a default judgment is all the more reason why he should have construed her motion as requesting discovery relief

6

In any event, the Magistrate Judge should have recognized that Hill's motion and defendants' response placed squarely before him a discovery dispute that should have been resolved before summary judgment. Instead, he both denied Hill's motion without explanation and expressly declined to address the issues raised in Hill's motion even after she continued to argue that she needed additional discovery before she could respond to the defendants' arguments on the merits.[3]

In failing to resolve this discovery dispute, the Magistrate Judge failed to give Hill's motion for sanctions the liberal construction it was due. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011). In particular, the Magistrate Judge should have looked beyond Hill's request for a default judgment, which plainly was not warranted under these circumstances, see Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867 (3d Cir. 1984), and should have liberally construed Hill's motion as requesting the proper remedy. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed . . . ." (internal quotation marks omitted)); United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000) (citation omitted); cf. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 192 (2d Cir. 2008) (liberally construing a pro se submission as "a request for a discovery order or, at the very least, a

---

that he unquestionably had the authority to grant.

[3] The Magistrate Judge did go on to address one discrete discovery issue in his report. That issue concerns an April 2, 2012 letter to Hill's husband that defendants contend Hill sent under the alias "Angel Jackson." The Magistrate Judge concluded that Hill's argument that the letter was not privileged was "not without force" but that the absence of the letter from the record did not preclude summary judgment. (ECF No. 103 at 21.)

conference of the parties"). That remedy would have been an order overruling defendants' assertion of privilege and directing them to produce relevant documents. Thus, the Magistrate Judge should have conducted proceedings sufficient to determine whether Hill was entitled to that remedy.[4]

The Magistrate Judge's failure to do so might not have required remand if the discovery that Hill sought had been irrelevant to her claims. There is no question, however, that at least some of her requests sought information that might have allowed her to contest defendants' motion for summary judgment on the merits. The only disputed element of Hill's retaliation claims was whether Hill's "constitutionally protected conduct was a substantial or motivating factor in the decision" to suspend her visitation privileges. Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016), cert. denied, 137 S. Ct. 2295 (2017). Some of the defendants sought and obtained summary judgment on the ground that Hill presented no evidence contradicting their own factual showing on

---

[4] The Magistrate Judge should also have construed Hill's response in opposition to summary judgment, in which she again raised her discovery issues, as an attempt to invoke Fed. R. Civ. P. 56(d). See Shelton, 775 F.3d at 565-68; cf. Renchenski v. Williams, 622 F.3d 315, 339 (3d Cir. 2010) (addressing former Rule 56(f)). Hill, however, did not properly raise that issue to the District Court by filing timely objections to the Magistrate Judge's report. (We reject her arguments that her objections were timely.) Ordinarily, Hill's failure to timely object would mean that we would review this issue only for plain error. See City of Long Branch, 866 F.3d at 99-100. There may be some question whether that principle applies here because Hill asserts that she did not receive the portion of the Magistrate Judge's report warning her of the consequences of failing to object. See id. at 99-100 & n.3. We need not resolve this issue because Hill properly appealed the Magistrate Judge's denial of her motion for sanctions to the District Court, and the Magistrate Judge's error in denying that motion is a sufficient ground to vacate both that ruling and the premature entry of summary judgment.

8

this element.[5]  Other defendants sought and obtained summary judgment on the separate ground that they were not personally involved in the decision to suspend Hill's privileges. See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015).  Hill's request for documents relating to defendants' investigations, including documents showing which defendants were involved, plainly sought information potentially relevant to these issues.

Moreover, it appears from defendants' response that they possess potentially relevant information about Hill and her husband but they assert that this information is privileged.  The parties now raise various arguments on the merits of defendants' claim of privilege.  Neither the Magistrate Judge nor the District Court, however, developed a record on that issue or decided it.  To the contrary; the Magistrate Judge's only reference to the validity of defendants' claim was his statement, noted above, that Hill's opposition to defendants' claim of privilege as to one document was "not without force."  The Magistrate Judge or District Court should resolve the issue of privilege in the first instance.[6]

---

[5] In particular, these defendants argued that (1) they were not aware of Hill's protected activity when they made their decisions but that, even if they had been aware of them, (2) "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Watson, 834 F.3d at 422 (quotation marks omitted).  The District Court entered summary judgment on the basis of the second argument.  Without adequate discovery, Hill had no opportunity to controvert defendants' assertions on these points.

[6] Because the Magistrate Judge did not develop a record, we have no way of knowing what relevant information defendants may possess.  Defendants supported their motion for summary judgment with an investigative report prepared by defendant Brumbaugh on April 11, 2012.  (ECF No. 71-1 at 15-17.)  The next day, defendant Close (for defendant Glunt) sent Hill a letter referring to a "pending investigation."  (Id. at 7.)  On June 26, 2012, defendant Glunt sent Hill a letter advising her that "an investigation packet was

9

Thus, we will vacate the District Court's entry of summary judgment and the Magistrate Judge's denial of Hill's motion for sanctions and will remand for further proceedings. On remand, the Magistrate Judge or District Court should conduct proceedings sufficient to determine whether defendants possess relevant information responsive to Hill's discovery requests and whether defendants' assertion of privilege is valid. After discovery is concluded, the Magistrate Judge or District Court should then provide Hill with an adequate opportunity to respond to defendants' motion for summary judgment on the merits. We express no opinion on the proper outcome of further discovery proceedings or on the merits of Hill's claims.

One final matter requires discussion. Hill filed several motions to disqualify the Magistrate Judge, which he denied, and a mandamus petition seeking the same relief, which we denied as well. See In re Hill, 693 F. App'x 151, 153 (3d Cir. 2017). We continue to believe that the Magistrate Judge is capable of conducting further proceedings in a fair and impartial manner. As our now third remand suggests, however, Hill's claims deserve to be taken seriously and, if she continues to proceed pro se, she is entitled to the

submitted to the DOC Office of Special Investigations and Intelligence (OSII) for review" and that, "[u]pon the OSII and my review of the investigation information, the decision has been made to suspend your visiting privileges[.]" (Id. at 9.) Thus, it may be that documents in addition to the Brumbaugh report were included in that investigation packet or that there are records reflecting defendants' review of this matter and their decision-making process. We leave it to the Magistrate Judge or District Court to resolve in the first instance any issues concerning privilege or confidentiality of this or any other information. The Magistrate Judge or District Court should not take any claim of privilege or confidentiality at face value but should instead conduct an appropriately searching inquiry into the reasons for and validity of the claim. See, e.g., United States v. O'Neill, 619 F.2d 222, 225-26 (3d Cir. 1980).

10

liberal treatment traditionally afforded pro se litigants. Given the complexity of this case as it has developed before the District Court, however, we encourage Hill to obtain counsel. If she is unable to do so, she can petition the District Court under 28 U.S.C. § 1915(e)(1) to request that an attorney represent her. Several of the factors that bear on the propriety of appointment of counsel appear to weigh in her favor, and we are confident that the District Court will give that request the serious consideration that it deserves. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993).

## III.

For these reasons, we will vacate the District Court's entry of summary judgment (ECF Nos. 105 & 107) and the Magistrate Judge's denial of Hill's motion for sanctions (ECF No. 80), and will remand for further proceedings.